UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| DURRELL DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 2: 21-071-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MARC FIELDS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

*** *** *** ***

Petitioner Durrell Davis filed a habeas petition under 28 U.S.C. § 2241 on June 2, 2021, asserting that he was a pretrial detainee in the Hamilton County Justice Center in Cincinnati, Ohio. [Record No. 1] He is challenging a detainer placed on him by the Kenton County Circuit Court in Covington, Kentucky, from March 14, 2019, because, according to Davis, he has "not committed any crimes against the Constitution, nor [has] he violated any laws, Codes, or statutes." [*Id*. at 6.] He seeks to have the detainer and/or holder removed. [*Id*. at 7.] The details provided by Davis in his petition are minimal, but it appears that he is asserting that he is being illegally detained in an Ohio facility on a warrant issued for his arrest in Kentucky following his disclosure to law enforcement about his sexual abuse of a child.

On March 14, 2019, Davis was interviewed by law enforcement and admitted to sexual acts with his girlfriend's three-year-old daughter. [Record No. 10-3] He disclosed to law enforcement that he had sexual contact with the victim multiple times a week for at least eight months. [*Id*.] Davis also told family members about his sexual deviant acts with the child. [*Id*.] On May 21, 2019, a criminal complaint was issued in the Kenton County District Court.

It is not entirely clear since Davis' petition has limited information, but it appears Davis challenges his detainment in Ohio based on the warrant issued following the criminal complaint in Kenton County.

In response to Davis' petition, Respondent Marc Fields filed a motion to dismiss this matter because Davis was arrested on August 30, 2021, in Covington, Kentucky, for sodomizing and sexually abusing a child under 12 years of age. [Record No. 10] He was arraigned in Kenton County, and is currently being held in the Kenton County Detention Center. *See* https://www.kentoncountyjail.org/27/Inmate-Population (Kenton County Detention Center Online Inmate Page for Durrell Davis) (last visited December 13, 2021). Fields argues that because Davis has been arrested by Kentucky authorities and is now housed in Kentucky, he is not being illegally held on a Kentucky detainer in Ohio. Accordingly, Fields asserts there is no claim that entitles Davis to relief.

Title 28 of the United States Code, Section 2241, gives federal district courts "the authority to hear applications for habeas corpus by any person who claims to be held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Rasul v. Bush*, 542 U.S. 466, 473 (2004) (quoting 28 U.S.C. §§ 2241(a), (c)(3)). Specifically, a pretrial detainee may challenge the validity of a pre-trial detainer under 28 U.S.C. § 2241. *Phillips v. Court of Common Pleas*, 558 F.3d 804, 810 (6th Cir. 2012); *Prince v. 23rd Judicial District Attorney General's Office*, No. 3:15-0955, 2015 U.S. Dist. LEXIS 162409, at *1 (M.D. Tenn. Nov. 10, 2015).

"[A]lthough § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or

by other state procedures available to the petitioner." *Williams v. Ky.*, No. 5: 20-404-KKC, 2020 U.S. Dist. LEXIS 185086, at *2 (E.D. Ky. Oct. 6, 2020) (citing *Atkins v. People of State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981)). Additionally, a federal district court cannot grant a habeas petition brought by a state prisoner, subject to very limited exceptions, unless the prisoner first presents his claims to the state courts. *Phillips*, 668 F.3d at 810 & n.4; *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490 (1973) (recognizing that a petitioner must exhaust state remedies before seeking federal review).

Here, there is no indication that Davis exhausted state administrative remedies before seeking relief from this Court. *Eskridge v. Edmonds*, No. 2:19-cv-60, 2019 U.S. Dist. LEXIS 200016 (E.D. Tenn. Nov. 19, 2019) ("When a petitioner has not offered his habeas claims to the state courts for consideration, he has not exhausted available state-court remedies."). Davis has not provided any evidence to show that he challenged his detainer in any state court in either Ohio or Kentucky. Accordingly, this Court cannot redress his claims because he has failed to exhaust his state court remedies.

Notwithstanding his failure to exhaust his state court remedies, and to the extent he is challenging the legality of his detention in Ohio on a Kentucky detainer, the challenge is moot because he was arrested in Kentucky after the filing of the underlying petition and is being held in Kentucky. The United States Court of Appeals for the Sixth Circuit has previously explained that,

> [o]nce the fugitive is returned to the demanding state, the right to challenge extradition becomes moot: the fugitive is no longer being detained by the asylum state, and so, the legality of his or her detention there is no longer at issue . . . [and the] fugitive's rights are sufficient protected by those limitations placed on the demanding state by the Constitution when determining his guilt or innocence.

*Barton v. Norrod*, 106 F.3d 1289, 1298 (6th Cir. 1997). Because Davis is now being held in Kenton County, Kentucky on charges brought in Kentucky, his challenge to his alleged illegal detention in Ohio on a Kentucky detainer is moot. Davis is charged with multiple offenses in Kentucky and the case against him remains pending. If Davis wishes to challenge the criminal charges against him, he must do so in the Kentucky courts.

Accordingly, it is hereby

**ORDERED** as follows:

1. Respondent Mark Fields' motion to dismiss [Record No. 10] is **GRANTED**.

2. Petitioner Durrell Davis' petition for habeas corpus [Record No. 1] is **DENIED**.

Dated: December 13, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky